IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-50-BO

| | |
|---|---|
| ANGELIC BOULERICE HOFLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | O R D E R |
| ) | |
| ANDREW SAUL, ) | |
| *Commissioner of Social Security*,[1] ) | |
| ) | |
| Defendant. ) | |

This cause comes before the Court on cross-motions for judgment on the pleadings. [DE 15, 17]. A hearing was held on these matters before the undersigned on March 3, 2020, at Raleigh, North Carolina. For the reasons discussed below, plaintiff's motion for judgment on the pleadings is DENIED and defendant's motion is GRANTED.

## BACKGROUND

Plaintiff brought this action under 42 U.S.C. § 405(g) for review of the final decision of the Commissioner denying her application for period of disability and disability insurance benefits pursuant to Title II of the Social Security Act. Plaintiff protectively filed an application for benefits on April 1, 2015, and alleged a disability onset date of March 10, 2015. After initial denials, plaintiff proceeded to a video hearing before an Administrative Law Judge (ALJ), which occurred on September 25, 2017. The ALJ issued an unfavorable ruling, finding that plaintiff was not disabled, which became the final decision of the Commissioner when the Appeals Council denied plaintiff's request for review. Plaintiff then sought review of the Commissioner's decision in this Court.

---

[1] Saul has been substituted as the proper defendant pursuant to Fed. R. Civ. P. 25(d).

## DISCUSSION

Under the Social Security Act, 42 U.S.C. § 405(g), this Court's review of the Commissioner's decision is limited to determining whether the decision, as a whole, is supported by substantial evidence and whether the Commissioner employed the correct legal standard. *Richardson v. Perales*, 402 U.S. 389, 401 (1971). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Johnson v. Barnhart*, 434 F.3d 650, 653 (4th Cir. 2005) (per curiam) (internal quotation and citation omitted).

An individual is considered disabled if he is unable "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further provides that an individual "shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience, engage in any other kind of substantial gainful work which exists in the national economy." 42 U.S.C. § 1382c(a)(3)(B).

Regulations issued by the Commissioner establish a five-step sequential evaluation process to be followed in a disability case. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). The claimant bears the burden of proof at steps one through four, but the burden shifts to the Commissioner at step five. *See Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987). If a decision regarding disability can be made at any step of the process the inquiry ceases. *See* 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4).

At step one, if the Social Security Administration determines that the claimant is currently engaged in substantial gainful activity, the claim is denied. If not, then step two asks whether the

2

claimant has a severe impairment or combination of impairments. If the claimant has a severe impairment, it is compared at step three to those in the Listing of Impairments ("Listing") in 20 C.F.R. Part 404, Subpart P, App. 1. If the claimant's impairment meets or medically equals a Listing, disability is conclusively presumed. If not, at step four, the claimant's residual functional capacity (RFC) is assessed to determine if the claimant can perform his past relevant work. If the claimant cannot perform past relevant work, then the burden shifts to the Commissioner at step five to show that the claimant, based on his age, education, work experience, and RFC, can perform other substantial gainful work. If the claimant cannot perform other work, then he is found to be disabled. *See* 20 C.F.R. § 416.920(a)(4).

After determining that plaintiff met the insured status requirements and had not engage in substantial gainful activity since March 10, 2015, the ALJ found that plaintiff had severe impairments, specifically osteoarthritis, calcaneal spur, trigger finger, hyperthyroidism, thyroid cyst, restless leg syndrome, fibromyalgia, chronic pain disorder, depressive disorder, and dysthymic syndrome, but that they did not meet or medically equal the severity of one of the listed impairments. The ALJ found that plaintiff could perform light work with limitations and that she could perform her past relevant work as a store manager.

At the outset, the Court finds that plaintiff's argument that the ALJ's appointment violated the Appointments Clause in light of *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018), was waived. Plaintiff failed to raise any challenge to the ALJ's appointment at any point in the administrative proceedings. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to challenge agency appointments); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (requiring plaintiff to

3

exhaust her constitutional claim before seeking review in federal court). As to plaintiff's reliance on *Simms v. Apfel*, 530 U.S. 103 (2000), the Court is persuaded by those courts which have found that "although issue exhaustion is not required by statute or regulation, a finding supported by *Sims*, the regulations provide procedures both for raising 'as applied' constitutional challenges before the ALJ and for challenging the specific ALJ assigned to a specific Social Security case." *Diane S. P. v. Berryhill*, 379 F. Supp. 3d 498, 504 (E.D. Va. 2019). Accordingly, because plaintiff failed to timely raise her Appointments Clause claim, it has been forfeited.

Next, plaintiff challenges the ALJ's RFC finding as unsupported. Contrary to plaintiff's argument, the ALJ considered consultative examiner Dr. Riddick's opinion and adequately explained why he gave Dr. Riddick's opinion only partial weight. Dr. Riddick opined that plaintiff could only occasionally engage in reaching, handling, feeling, grasping, and fingering. Tr. 20. The ALJ found that such an opinion was not consistent the rest of the medical record. Specifically, the record supports that plaintiff routinely exhibited normal musculoskeletal range of motion, and Dr. Riddick's report also indicates that plaintiff could handle light objects with only mild difficulty. Tr. 355. The record further shows that plaintiff maintained 4/5 strength in her upper extremities. *Id.*

The Court finds no error in the ALJ's analysis or explanation of the weight afforded to Dr. Riddick's opinion. The RFC finding is sufficiently supported by substantial evidence.

## CONCLUSION

Having conducted a full review of the record and decision in this matter, the Court concludes that the decision as a whole is supported by substantial evidence and the correct legal standard was applied. Accordingly, plaintiff's motion for judgment on the pleadings [DE 15] is

4

DENIED and defendant's motion [DE 17] is GRANTED. The decision of the Commissioner is AFFIRMED. The motion for admission *pro hac vice* [DE 21] is DENIED AS MOOT.

SO ORDERED, this __11__ day of March, 2020.

*Terrence Boyle*
TERRENCE W. BOYLE
CHIEF UNITED STATES DISTRICT JUDGE