IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
NORTHERN DIVISION
No. 2:18-CV-50-BO

| | | |
|---|---|---|
| ANGELIC BOULERICE HOFLER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| KILOLO KIJAKAZI, | ) | |
| *Acting Commissioner of Social Security*, | ) | |
| | ) | |
| Defendant. | ) | |

This cause comes before the Court on plaintiff's motion for attorney fees pursuant to the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d). Defendant has responded and a hearing on the matter was held before the undersigned on February 22, 2022, at Raleigh, North Carolina.[1] In this posture, the matter is ripe for ruling and, for the reasons that follow, the motion is denied.

BACKGROUND

By complaint filed October 1, 2018, plaintiff commenced this action pursuant to 42 U.S.C. § 405(g) to challenge the decision of the defendant denying her application for a period of disability and disability insurance benefits. On March 12, 2020, this Court denied plaintiff's motion for summary judgment, granted defendant's motion for judgment on the pleadings, and affirmed the decision of the defendant. In her motion for summary judgment, plaintiff raised, for the first time, a challenge to the appointment of the Administrative Law Judge (ALJ) who decided her application as having violated the Appointments Clause in light of *Lucia v. Securities and Exchange Commission*, 138 S. Ct. 2044 (2018). This Court determined that plaintiff had waived such a challenge as she failed to raise it at the administrative level.

---

[1] Counsel for plaintiff and defendant appeared via videoconference.

Plaintiff appealed this Court's decision, and on June 4, 2021, the court of appeals granted the parties' consent motion for vacatur and remand in light of the Supreme Court's decision in *Carr v. Saul*, 141 S. Ct. 1352 (2021). In *Carr*, the Supreme Court held that "petitioners did not forfeit" their "Appointments Clause challenges by failing to make them first to their respective [SSA] ALJs." *Id.* at 1356. Following remand to this Court, defendant moved to remand the matter to the Commissioner pursuant to sentence four of § 405(g) so that plaintiff could obtain a new hearing before a properly appointed ALJ. That motion was granted by order entered September 3, 2021. The instant motion for attorney fees followed.

## DISCUSSION

EAJA provides that

> Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses, in addition to any costs awarded pursuant to subsection (a), incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States in any court having jurisdiction of that action, unless the court finds that the position of the United States was substantially justified or that special circumstances make an award unjust.

28 U.S.C. § 2412(d)(1)(A). Defendant agrees that plaintiff is the prevailing party in this case. Defendant opposes an EAJA award, however, arguing that its position in the case was substantially justified.

The position of the government is substantially justified if it is "justified to a degree that could satisfy a reasonable person" or has a "reasonable basis both in law and fact". *Pierce v. Underwood*, 487 U.S. 552, 565 (1988). To determine if the government's position was substantially justified, the Court considers the position of the government "both before and during litigation". *Cody v. Caterisano*, 631 F.3d 136, 141 (4th Cir. 2011). "[T]he Government need not

2

prevail in an action for its position to have been substantially justified." *Meyer v. Colvin*, 754 F.3d 251, 255 (4th Cir. 2014).

The Court determines that defendant's position in this case was substantially justified, and thus EAJA fees are not appropriate. Plaintiff did not raise her Appointments Clause challenge before the ALJ, and the Court is unaware of any controlling precedent which would have required defendant to raise the Appointments Clause issue *sua sponte*. In this Court, defendant was reasonable in arguing that by failing to raise the issue below plaintiff had failed to exhaust her challenge to the propriety of the appointment of the ALJ. *See United States v. L.A. Tucker Truck Lines, Inc.*, 344 U.S. 33, 38 (1952) (holding that parties may not wait until they are in court to challenge agency appointments); *see also Elgin v. Dep't of Treasury*, 567 U.S. 1, 23 (2012) (requiring plaintiff to exhaust her constitutional claim before seeking review in federal court). Indeed, this Court, and several others, agreed with defendant's position. *See, e.g., Davis v. Saul*, 963 F.3d 790, 794 (8th Cir.), *cert. granted*, 141 S. Ct. 811 (2020), *and rev'd and remanded sub nom. Carr v. Saul*, 141 S. Ct. 1352 (2021); *Diane S. P. v. Berryhill*, 379 F. Supp. 3d 498, 517 (E.D. Va. 2019), *vacated and remanded sub nom. Parker v. Saul*, No. 19-1681, 2021 WL 2451241 (4th Cir. May 25, 2021).[2]

The Court agrees with defendant that it took a reasonable position on an unsettled question of law and that both its pre-litigation and litigation positions were substantially justified.

---

[2] Following this Court's decision, the Fourth Circuit agreed with plaintiff that an Appointments Clause challenge was not waived by failing to raise it at the administrative stage. *Probst v. Saul*, 980 F.3d 1015, 1018 (4th Cir. 2020), *cert. denied*, 141 S. Ct. 2633 (2021).

3

Accordingly, an EAJA award is not appropriate. *See also Jones v. Saul*, No. 1:19CV275, 2021 WL 5600621, at *5 (W.D.N.C. Nov. 30, 2021).

## CONCLUSION

For the foregoing reasons, plaintiff's motion for attorney fees [DE 37] is DENIED.

SO ORDERED, this _11_ day of March 2022.

TERRENCE W. BOYLE
UNITED STATES DISTRICT JUDGE

4